IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ▧▧▧▧▧▧▧▧▧, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 25-cv-12922 <br><br> **FILED UNDER SEAL PURSUANT TO LOCAL RULE 26.2** <br><br> **COMPLAINT** |

**COMPLAINT**

**FILED UNDER SEAL PURSUANT TO LOCAL RULE 26.2**

Plaintiff ▧▧▧▧▧▧▧▧▧ ("Plaintiff") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

### I. INTRODUCTION

1. Plaintiff brings this action against the Defendants for the alleged infringement of Plaintiff's intellectual property rights. These claims arise from Defendants' infringement of Plaintiff's registered utility patent (hereinafter, the "Asserted Patent"). Defendants have established an e-commerce store on online platforms, such as ▧▧▧▧▧▧, and operate this store using one or more Aliases. Defendants are engaged in the manufacture, marketing, distribution, use, offering for sale, sale, and/or importation into the United States of certain unauthorized and unlicensed products, specifically ▧▧▧▧▧▧▧▧▧▧▧▧ and underlying technologies including ▧▧▧▧▧▧, which is nearly identical to Plaintiff's patent. Plaintiff alleges that

1

Defendants' actions constitute infringement of Plaintiff's Asserted Patents.

## II. THE PARTIES

2. Plaintiff is a limited liability company organized under the laws of Illinois with its principal place of business in Libertyville, Illinois. Plaintiff is the lawful owner of United States Patent No. ▨▨▨▨▨▨▨, entitled ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨ (hereinafter, the "▨▨ Patent" or "Asserted Patent"). A true and accurate copy of the issued Asserted Patent is attached as Exhibit 1 (*Sealed*). As owner of the "▨▨ Patent, Plaintiff has standing to sue for infringement.

3. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A (*Sealed*) and/or other seller aliases not yet known to the Plaintiff. Defendants operate various online shopping platforms including ▨▨▨▨▨▨▨▨▨. Defendants' store names and URLs are attached hereto as Schedule A (*Sealed*).

4. The true names, identities, and addresses of Defendants are currently unknown and unverifiable due to the nature of their online operations. Certain Aliases under which Defendants operate their e-commerce stores are not linked or associated with the true names of the Defendants. The reason why these Aliases are not connected with the true names of the Defendants is that Defendants employed such tactics to conceal their identities and the true scope of their operation. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such information regarding the Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

5. Defendants conduct their illegal operations through a fully interactive commercial website hosted on ▨▨▨▨▨▨▨▨▨ (hereinafter, the "Infringing Websites").

2

Each Defendants targets consumers in the United States, including the State of Illinois, and has offered for sale, and upon information and belief, has sold and continues to sell counterfeit and/or infringing products ("Counterfeit Products") that violate Plaintiff's intellectual property rights to consumers within the United States, including within the State of Illinois.

6. Through the operation of their Infringing Website, Defendants are directly and personally contributing to, inducing, and engaging in the sale of Counterfeit Products as alleged, oftentimes as partners, co-conspirators, and/or suppliers.

### III. NATURE OF THE ACTION

7. This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

### IV. JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a).

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(a)–(b) because Defendants are subject to personal jurisdiction in this District and this Court may properly exercise jurisdiction over them. Each of the Defendants has purposefully directed business activities toward consumers in the United States, including the State of Illinois, through fully interactive e-commerce stores[1] operating on platforms such as ▓▓▓▓▓▓▓▓▓▓. Specifically, Defendants have targeted sales to Illinois residents by offering for sale and selling products that incorporate Plaintiff's patented utility. Defendants target the said consumers using one or more Seller Aliases, offer shipping to the said consumers located in

---

[1] The e-commerce store URLs are listed on Scheduled A hereto under the Online Marketplaces.

3

the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold products featuring Plaintiff's patented invention to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. For Defendants that are not residents of the United States, venue is proper in any judicial district under 28 U.S.C. § 1391(c)(3).

## V. GENERAL FACTS

10. Plaintiff is engaged in the business of manufacturing, distributing, and retailing consumer products throughout the world, including within the Northern District of Illinois (collectively, "Plaintiff's Products"). Defendants' sales of similar and substandard copies of Plaintiff's Products ("Counterfeit Products") violate Plaintiff's intellectual property rights and are irreparably damaging to Plaintiff.

11. Plaintiff is the sole owner of all rights, title, and interest in and to U.S. Patent No. ███████████, entitled ███████████████████████████████████ ███████████████████ (hereinafter, the "███ Patent" or "Asserted Patent"). The "███ Patent was duly filed on ███████████, and issued by the United States Patent and Trademark Office on ███████████. The Asserted Patent remains valid, subsisting, and enforceable.

12. Plaintiff's utility patent is original and distinctive, specifically created for a ███ ███████████ and ███████████████████████████████████████. The design and technology behind the product are recognized for their innovative form, enhancing both the functionality and safety of ███████████████.

13. Plaintiff's Products have been widely promoted, both in the United States and

throughout the world. The whole of the consuming public recognizes Plaintiff's Products as originating with Plaintiff but also recognizes that Plaintiff's Products sold in the United States originate exclusively from Plaintiff. As of the date of this filing, Plaintiff's Products are sold throughout the nation including on third-party platforms.

14. The Asserted Patent has never been assigned or licensed to any of the Defendants in this matter.

15. Defendants had actual or constructive knowledge of Plaintiff's ownership of the Asserted Patent and Plaintiff's exclusive rights.

16. Recently, Plaintiff discovered some fully interactive and active e-commerce stores were promoting, advertising, marketing, distributing, offering for sale, and selling products using unauthorized Plaintiff's Asserted Patent through at least the fully interactive e-commerce stores operating under the seller aliases identified in Schedule A. These stores are compiled in Schedule A as the intended Defendants.

17. Defendants have targeted sales to Illinois residents by establishing and operating e-commerce stores that target consumers in the United States, including Illinois. These stores offer shipping to the United States (including Illinois), accept payment in U.S. dollars and/or through U.S. bank accounts, and, on information and belief, have sold infringing products to residents of Illinois.

18. Defendants operating under the Seller Aliases are sophisticated commercial entities. They operate e-commerce stores, engage in marketing and sales activities, and accept payments in U.S. dollars through ███████████████████████████████. To consumers at large, it would be impossible to discern that Defendants lack authorization to market, offer for sale, or sell products covered by the Patent.

5

19. Online e-commerce platforms such as ◼◼◼◼◼◼◼◼ require minimal identity verification, enabling Defendants to conceal their identities behind multiple seller aliases. This lack of meaningful verification creates loopholes that Defendants exploit. Upon information and belief, Defendants register and operate multiple Aliases on these platforms through which they market and sell infringing products. By using these Aliases, Defendants intentionally conceal their true identities and the full scope of their infringing activities. For example, when a claimant, such as Plaintiff in this case, identifies tortious conduct or patent infringement linked to a particular Alias, the claimant may attempt to assert claims against the individual or entity behind that Alias. In response, the individual or entity can simply close the account associated with that Alias and transition to another preexisting or newly created Alias and account, thereby avoiding liability for the prior infringing activity. For claimants, including patent owners such as Plaintiff, pursuing enforcement becomes an endless "whack-a-mole" game, making it extremely difficult to hold infringers accountable and resulting in a lack of effective deterrence against continued infringement.

20. Defendants are proper joinders of the action Under Rule 20 of Federal Rules of Civil Procedure, multiple parties may be joined in one action as defendants if (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action

21. Substantial evidentiary overlap is required to find a similar transaction or occurrence to find a joinder proper. *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, 2024 WL 1858592, at *6 (N.D. Ill. Apr. 29, 2024). Despite the challenges in obtaining the true

identities of the Defendants due to their use of Aliases and the lack of stringent identity verification by third- party platforms, Plaintiff has observed that Defendants share unique identifiers that suggest an strong connection between them[2]. These identifiers include the use of similar marketing strategies, consistent elements in the design and decor of their e-commerce stores, identical or similar payment methods, and similar product descriptions, prices, and images.

22. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

23. On information and belief, e-commerce store operators like Defendants are also in constant communication with each other and regularly participate in ▒▒▒▒▒▒ and through websites such as ▒▒▒▒▒▒▒▒▒▒▒▒▒▒ regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

24. Further, infringers such as Defendants typically ▒▒▒▒▒▒▒▒▒▒▒▒ ▒▒▒▒▒▒ an ▒▒▒▒▒▒ behind layers of payment gateways so that they can continue operation in spite of plaintiffs' enforcement efforts, such as take-down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds

---

[2] The unique identifiers are not just common elements visible in ordinary online stores. The Court shall not assume coincidence between Defendants and construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))

from their ███████ or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

25. On information and belief, Plaintiff has reasonable believe that the majority of Defendants source their products from a common origin.

26. Defendants knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly Plaintiff's Asserted Patent. Each e-commerce store operating under the Alias offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States and Illinois over the Internet

27. Defendants' infringement of Plaintiff's '██ Patent in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products into Illinois, is and has been willful and irreparably harming Plaintiff.

## COUNT 1
## PATENT INFRINGEMENT
### (35 U.S.C. § 271)

28. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

29. Plaintiff is the owner of the Asserted Patent. Plaintiff's Asserted Patent is valid and enforceable.

30. Plaintiff's exclusive rights under the Asserted Patent include the right to exclude others from making, using, offering for sale, selling, and importing into the United States products embodying the patented design.

31. Defendants, in violation of 35 U.S.C. § 271, have infringed Plaintiff's Asserted Patent by making, using, offering for sale, selling, and/or importing into the United States products embodying the patent (the "Infringing Products") without authorization or license from Plaintiff. Defendants' actions constitute direct infringement of Plaintiff's Asserted Patent.

32. Defendants have infringed and continues to infringe the Asserted Patent, causing Plaintiff irreparable harm. Plaintiff is entitled to injunctive relief to prevent ongoing infringement pursuant to 35 U.S.C. § 283.

33. Defendants have willfully and deliberately infringed the claims of the Asserted Patent. Defendant's infringement of the Asserted Patent is obvious, notorious, purposeful, and in disregard of and indifferent to the rights of Plaintiff. Defendants have no good faith basis that the Unauthorized Products do not infringe the Asserted Patent. The willful infringement, without regard to Plaintiff's patent rights, constitutes egregious and wanton conduct sufficient to establish willful infringement under 35 U.S.C. § 284.

34. Defendants have profited by their infringement of the '█' Patent. Plaintiff has suffered, and is continuing to suffer, damages as the Defendants' infringement of the Asserted Patent, and Plaintiff is entitled to compensation, including Defendants' profits, and other monetary relief to the fullest extent allowed by law, including attorneys' fees, pursuant to 35 U.S.C. §§ 284, 285, and 289.

## JURY DEMAND

35. Plaintiff hereby demands a trial by jury on all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

1. A judgment that Defendants have infringed Plaintiff's Asserted Patent;

2. An order enjoining Defendants, their officers, agents, employees, affiliates, and all persons acting in concert with them from further acts of infringement of the Asserted Patent, including but not limited to making, using, selling, offering to sell, importing, copying, displaying, or distributing the infringing products or works

3. An order directing any third-party platforms, including but not limited to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and similar providers, to disable and remove any listings, advertisements, or sales channels operated by Defendants in connection with the infringing products;

4. An order requiring Defendants to file a written report under oath, within ten (10) days of judgment, detailing the manner and form in which they have complied with the injunction;

5. An award of damages adequate to compensate Plaintiff for Defendants' infringement of the Asserted Patent, including actual damages, a reasonable royalty, and disgorgement of profits attributable to the infringement, in amounts to be proven at trial;

6. An award of enhanced damages up to three times the assessed amount for willful patent infringement, pursuant to 35 U.S.C. § 284;

7. A finding that this is an exceptional case under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees and costs;

8. An award of pre- and post-judgment interest as permitted by law;

9. Such other and further relief as the Court may deem just and proper.

Dated: October 22, 2025

<u>/s/ Marjorie Ouyang</u>
Marjorie Ouyang
Valley & Summit Law
One Park Plaza, Suite 600
Irvine, CA 92614
Tel: (949) 342 8013
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

Respectfully submitted this 22nd day of October, 2025.

/s/ Marjorie Ouyang
Marjorie Ouyang
Valley & Summit Law
One Park Plaza, Suite 600
Irvine, CA 92614
Tel: (949) 342 8013
*Attorney for Plaintiff*